# COUNTY OF KENNEBEC.

WILLIAM E. COFFIN & *al. versus* ABRAM RICH.

Although a charter granted to a corporation is a contract between it and the State, the obligations of which cannot be impaired by subsequent legislation, corporations, like natural persons, are subject to remedial legislation, and amenable to general laws.

A statute providing that stockholders in corporations shall be personally liable for the corporate debts is constitutional and valid, so far as it applies to such debts subsequently contracted.

But, there being no privity of contract between the creditors of corporations and the individual members, they are personally liable only by express provision of statute; and the repeal of such a statute does not impair the obligation of any contract.

The right of the creditor against any of the individual stockholders is not vested until he recovers his judgment against them.

If the language of the statute is clear and plain, courts of justice have no authority, in consideration of the consequences resulting from it, to give it a construction different from its natural and obvious meaning.

Where an Act of the Legislature is repealed and is re-enacted, with some changes, at the same time, both statutes may properly be taken into consideration, in giving a construction to the latter; but the Act repealed has no force whatever, only so far as it is continued in force by saving clauses and exceptions.

Legislatures have authority to enact retrospective laws, if they affect remedies only; but such laws, if they impair vested rights or create personal liabilities, are unconstitutional and void.

THIS is an action brought by the plaintiffs, as judgment creditors of the Kennebec and Portland Railroad Company, to recover of the defendant, as a stockholder in said company, the amount of their judgment against said corporation.

The case, as made by the parties for the consideration of the full Court, will be readily perceived from the opinion of the Court. The questions arising in the case were fully and ably argued by

*Bradbury,* for the plaintiffs, and by

*H. W. Paine,* for the defendant.

The opinion of the Court was drawn up by

DAVIS, J.—In March, 1857, the plaintiffs recovered judgment against the Kennebec and Portland Railroad Company for the sum of $1900,38. The debt, which was the basis of this judgment, was contracted in 1855. The defendant was at that time, and ever since has been, a member of said company, owning twenty-two shares of the capital stock, of the nominal value of one hundred dollars each. The plaintiffs, being unable to find corporate property to satisfy their judgment, instituted proceedings against the defendant, as a stockholder, to render him personally liable to them. The defendant admits the regularity of the proceedings, but he denies that the stockholders are in any case personally liable for the corporate debts.

By the Act of Feb. 16, 1836, the individual property of stockholders was made liable for the corporate debts of all corporations thereafterwards created, each member being liable for a sum equal to the amount of his stock. This Act preceded the charter of the Kennebec and Portland Railroad Company, the latter having been granted in April of the same year; and we are satisfied, notwithstanding the very ingenious argument of the counsel for the defendant, that the corporation was subject to its provisions.

By the R. S. of 1841, the Act of 1836 was repealed, and a new provision, substantially the same, but differing in some respects, was enacted to take the place of it. And it is contended that the Legislature, having abrogated the liability imposed upon stockholders by the former Act, had no right to impose it again upon members of corporations already chartered. It is argued that a statute making stockholders personally liable for the corporate debts, if applied to existing corporations, would be a substantial change of their charters,

by imposing new liabilities, and would, therefore, be unconstitutional, as impairing the obligation of contracts.

It is true, that whatever rights are conferred upon a corporation by its charter are irrevocable, and cannot be controlled by any subsequent statute, unless power for that purpose be reserved. *Wales* v. *Stetson*, 2 Mass. 146. The charter is a contract between the State and the corporation, which the constitution protects from being impaired by any subsequent legislation. *Nicholas* v. *Bertram*, 3 Pick. 342. " Nothing is better settled than that a charter, when accepted by the corporation, becomes a contract which cannot be modified or impaired in its obligation, without the consent of the corporation." *Nichols* v. *Somerset and Kennebec Railroad Co.*, 43 Maine, 351.

But it does not follow that such corporations are altogether beyond the supervision and control of the Legislature. In theory, the body corporate is a person, and, like natural persons, is amenable to general laws. The imposition of a tax upon corporations is no violation of their rights and privileges. *Providence Bank* v. *Billings*, 4 Peters, 514; *Commonwealth* v. *Eastern Bank*, 10 Barr. 442; and they are subject, generally, to remedial legislation, like individuals. *Brown* v. *Pen. Bank*, 8 Mass. 445. Is it any infringement of their charters for the Legislature to enact a law, prospective in its operation, making the stockholders personally liable for the corporate debts contracted while they are members?

This question was before the Supreme Court of Massachusetts, in the case of *Gray* v. *Coffin*, 9 Cush. 192. And it was there held that a statute, " providing to what extent the members of all corporations shall be liable to all persons dealing with and becoming creditors of any corporations," was binding upon existing corporations; and that it rendered the stockholders in such corporations personally liable for corporate debts subsequently contracted. This decision was placed on the ground that, though the statute imposed new personal liabilities upon the members, it did not affect the corporation as such. " It had no tendency to impair, or in any way to

affect or modify, any power, privilege, or immunity, pertaining to the franchise of any corporation; and it therefore seems to be within the just limits of legislative power."

We are satisfied that this decision was correct, and that it is conclusive upon one of the questions raised in the case before us. Though the statute of 1836 was repealed in 1841, a new statute was then enacted, making members of corporations personally liable, to the amount of their stock, for all debts contracted during their membership. The charter of the Kennebec and Portland Railroad Company, though granted previously, had not then been accepted; and the company was not organized until several years afterwards. When the stockholders became members of the corporation, they knew that the law held them personally responsible for the corporate debts. Such was the law when the contract was made between the plaintiff and the corporation; the defendant was a stockholder at the time; and, if there had been no change in the statute since that time, there could be no doubt of the defendant's liability.

A more difficult question still remains. Members of corporations were made personally liable for the corporate debts, by the statute of 1841; but this statute was repealed in 1856. When the statute of 1836 was repealed by that of 1841, " pending suits," and all " *liabilities, rights, and obligations, already effected,*" were saved from the operation of the repealing clause. But, in the repealing Act of 1856, there is no saving clause, except of " suits and processes then pending." This does not embrace the suit before us, as it was not commenced until 1857. We are therefore brought directly to the question — whether the Legislature of 1856, by repealing the statute imposing personal liability upon stockholders for the debts of the corporation, did not thereby absolve them from all such liability for corporate debts contracted before that time.

If, at the same time, and as a part of the repealing Act, a new provision, similar in substance, had not been enacted, it would hardly be contended that the liability continued. There

is no privity of contract between the creditors of the corporation and the individual members. They are, therefore, not personally liable, unless this liability is expressly imposed by statute. *Andover* v. *Flint*, 3 Met. 539. "Such liability," says C. J. SHAW, in the case of *Gray* v. *Coffin*, "is a wide departure from the established rules of law, and is therefore to be construed strictly, and is not to be extended beyond the limits to which it is carried by positive provisions of statute." As this remedy against stockholders does not arise from any contract with them, but is given only by positive statute, therefore a repeal of the statute does not impair the obligation of any contract. The Legislature have power to take away by statute what was given by statute, except vested rights. *People* v. *Livingston*, 6 Wend. 526. And the right of the party, when it exists only by statute, "does not become vested till after judgment." *Oriental Bank* v. *Freese*, 18 Maine, 109. The statute of 1841 was repealed in 1856, excepting from the operation of such repeal only "suits and processes pending" at that time. No persons, except those who had already recovered judgments against stockholders, and those whose actions had then been commenced, can any longer invoke its aid.

It is said, however, that the Legislature could not have intended, by this repeal, to change the existing liabilities of members of corporations; and that they must have intended to save, not only pending actions, but pre-existing liabilities also. Why they did not except such liabilities from the operation of the repealing Act is not for us to say. Whether by design or mistake, the effect is the same. It is only when the words of a statute are obscure, or doubtful, that we have any discretionary power in giving them a construction, or can take into consideration the consequences of any particular interpretation. "If the meaning of statutes is doubtful, the consequences are to be considered in the construction of them; but if the meaning be plain, no consequences are to be regarded, for that would be assuming legislative authority." 4 Bacon's Ab. 652. The saving clause in the Act of 1856 is not obscure, or doubtful, but it is clear and distinct; and it

excepts nothing but "suits and processes pending under or by virtue of" the Act repealed by it.

"Courts of law are expressly bound by the statute. When the Legislature, in the same statute, gives an extension of time in certain specified cases, it would be an assumption of legislative authority to introduce any other proviso." *Troup* v. *Smith*, 20 Johns. 33. "Whenever the situation of the party was such as, in the opinion of the Legislature, to furnish a motive for excepting him from the operation of the law, and the Legislature has made the exception, it would be going far for this Court to add to those exceptions." *McIvar* v. *Ragan*, 2 Wheat. 29. "If the Legislature makes no exception, the courts of justice can make none, as this would be legislating." *Bank* v. *Dalton*, 9 How. U. S. 522.

There can be no doubt, therefore, that the repeal of the statute of 1841 by that of 1856 defeated all rights under the former, except those which had already become vested by a judgment, or were saved by an action already commenced. No further proceedings can be had under a statute which has been repealed. *Com.* v. *Kimball*, 21 Pick. 373 ; *Springfield* v. *Hampden,* 6 Pick. 501. If the repealed statute merely prescribed a remedy for a previously existing right, some other remedy may be presumed or provided. *Plantation No. 9* v. *Bean*, 36 Maine, 360. But if the right itself was created by statute, and existed only by virtue of its provisions, then the repeal of the statute defeats the right itself, unless already vested by a judgment. *Butler* v. *Palmer*, 1 Hill, 324. So it has been held by this Court, in reference to this Act now under consideration. After the statute of 1836 had been repealed by that of 1841, no rights existed under the former Act, except such as were expressly secured by the saving clause of the latter. *Longley* v. *Little*, 26 Maine, 162.

Nor can it make any difference that the portion of the Act repealed, now under consideration, was substantially re-enacted as a part of the repealing Act. It was the same in the Acts of 1836 and 1841 ; but it was not held to make any difference in the case above cited. If a statute is absolutely

repealed, all rights under it are severed, however brief the period intervening before another similar Act is passed. So Legislatures have always understood it. If it were not so, when statutes are revised, codified, and re-enacted, no saving clauses and exceptions would be necessary. A person could still be convicted under a repealed criminal statute, if it was substantially re-enacted at the time of its repeal, though the repealing Act. contained no provision to that effect. This cannot be so. If an Act is only amended, the line of its operation is not severed. New threads are interwoven, or old ones taken out. But if it is repealed, though another like it is re-enacted, all connection between the old and the new is cut off, except what is saved by special provisions. The former statute becomes as if it had never existed. *Keye* v. *Goodwin*, 4 Moore & Payne, 341. And the new statute commences as if none had preceded it. Such, we think, is clearly the better rule of construction. " Hence it is usual in any repealing law, to make it operate prospectively only, and to insert a saving clause, preventing the operation of the repeal and continuing the repealed law in force as to all pending prosecutions, and often as to all violations of the existing law already committed." *Com.* v. *Marshall*, 11 Pick, 350. The repealing Act of 1856 contains no such saving clause, embracing debts previously contracted, unless suits thereupon were then pending. We are therefore satisfied that this action cannot be sustained under the statute of 1841.

Nor is this conclusion in conflict with the case of *Wright* v. *Oakley*, 5 Met. 400. It was there held that whether a contract was barred by the statute of limitations, which had been repealed and re-enacted with some modifications, must depend upon the facts, and the law as it was contemporaneous with the facts. But the ground of the decision was that the case was within the saving clause of the repealing Act, which, besides excepting actions then pending, provided that it should not " affect any act done, or any right accruing or accrued, or established," at the time of the repeal. In determining whether the case was within the exception, and giving a con-

struction to the new statute, the Court very properly took into consideration the statute that had been repealed by it; but no intimation was made that the latter had any force or vitality, except so far as specially saved by the repealing Act.

But it is argued, further, that the plaintiff has a right of action against the stockholders by the terms of the statute of 1856. This provides that " the stockholders of all corporations shall be liable for the debts of the corporation *contracted during their ownership of such stock.*" Does this render them liable for debts *contracted prior to the passage of the Act?* If not, the defendant is not liable; for the debt was contracted in 1855.

In general, statutes are to be construed as prospective only, unless the intention to give them a retrospective operation is clearly expressed. *Hastings* v. *Lane*, 15 Maine, 134. The statute of 1856 is not very explicit in this respect. The verbs expressing the liability are in the future tense — " shall be liable;" but the time of liability — " during their ownership of such stock," may include the past as well as the future. And when we consider that this Act was designed to take the place of a similar statute repealed by it, we think it probable that the Legislature intended it to be retrospective. Had they any constitutional power to enact a law making stockholders in corporations personally liable for the corporate debts previously contracted ?

We have already seen that a statute imposing such a liability is entirely at variance with established principles of law, and must be construed strictly. The creditor contracts with the corporation only. Aside from the positive provisions of statute, the stockholders are no more liable than for the debts of third persons. The claim of the creditor, like that of a town which has expended money to relieve a pauper whose settlement is in another town, is based entirely upon the statute.

There can be no doubt that Legislatures have the power to pass retrospective statutes, if they affect remedies only. Such is the well settled law of this State. But they have no con-

stitutional power to enact retrospective laws which impair vested rights, or create personal liabilities. This subject was elaborately discussed by MELLEN, C. J., in the case of *Kennebec Purchase* v. *Laboree*, 2 Greenl. 275; and, it was there held that the constitution secures the citizens "against the retroactive effect of legislation upon their property." And, in regard to the question of what is a retrospective law thus unconstitutional, the Court adopted the definition of Judge STORY, "a statute which creates a new obligation, or imposes a new duty." A statute making members of corporations personally liable for the corporate debts is clearly within this definition, and therefore can be held to operate prospectively only.

This was so decided in Massachusetts, in the case of *Gray* v. *Coffin*, previously cited. Such a statute was held to be constitutional, on the ground that "it was future and prospective in its operation, regulating the rights of debtor and creditor as they should afterwards arise." It was therefore concluded that the Legislature intended it to be prospective only. So, we must presume, in regard to the statute of 1856. Whatever the Legislature in fact intended, we are to presume that they intended to do that only which the constitution authorized them to do. "For no legislator could have entertained the opinion that a citizen, free of debt, could be made a debtor by a legislative Act declaring him one." PARKER, C. J., in *Medford* v. *Learned*, 16 Mass. 215.

We have thus reviewed the legal principles upon which this case must depend; and we have carefully considered the able arguments of counsel in this case and in several others, now before us, of like impression. And, if we apply to it those rules of construction which have been recognized in Courts of law, we are brought to this conclusion, that this action cannot be sustained upon the statute of 1841, because it has been repealed, and there is no saving clause in the repealing act which embraces actions subsequently commenced; and that it cannot be maintained upon the statute of 1856, because the debt was contracted prior to its enactment. Ac-

cording to the agreement of the parties a nonsuit must be entered.

TENNEY, C. J., HATHAWAY, APPLETON, and MAY, J. J., concurred.