CALVIN CARR vs. JOEL W. JUDKINS.

Penobscot.    Opinion June 8, 1907.

*Statutory Construction. Statute not retroactive, when. Statute 1905, chapter 90. Revised Statutes, chapter 46, section 2.*

It is a sound rule of construction that a statute should have a prospective operation only unless its terms show clearly a legislative intent that it should operate retrospectively.

Revised Statutes, chapter 46, section 2, provided that "all loans . . . . for less than two hundred dollars, secured by mortgage or pledge of personal property, shall be dischargeable by the debtor upon payment or tender of the principal sum actually borrowed, and interest at the rate specified therein, which shall not exceed" certain specified rates, and further provides that "all loans made in violation hereof shall bear interest at the legal rate of interest only." By the provisions of the Public Laws, 1905, chapter 90, said section 2 of said chapter 46 of the Revised Statutes was amended, the amendment providing, among other things, that "all payments made in excess of six per cent interest on loans so made in violation hereof shall be applied to the discharge of the principal; and in case a greater sum has been paid by the borrower than the amount of the principal and interest at six per cent on loans so made in violation hereof, may be recovered from holder of said security by the borrower, in an action on the case." *Held*: That the amendment of 1905 is not retroactive and does not apply to payments voluntarily made before the enactment of the amendatory statute.

On exceptions by plaintiff.    Overruled.

Action on the case brought under the provisions of section 2 of chapter 90, Public Laws, 1905, to recover an excess of interest paid by the plaintiff to the defendant upon a promissory note.

Heard before the presiding Justice at the October term, 1906, of the Supreme Judicial Court, Penobscot County, who found the facts and ruled as follows:

"The plaintiff testified that he borrowed $10 of the defendant, April 6, 1903, for which he gave to the defendant a note and chattel security, namely a mortgage, with interest at one dollar per month which interest he paid for 25 consecutive months. The defendant

introduced no testimony or evidence except an absolute bill of sale of the chattels described by the plaintiff as security, signed by the plaintiff and running to one Donnell, which the defendant claimed was the security given for the loan. The plaintiff testified that he signed the paper which he called a mortgage without reading, and without knowing to whom it run.

"I find that the plaintiff contracted for a loan from the defendant of $10 with interest at the rate of one dollar a month, and gave to the defendant a note therefor, and that he paid the interest specified for 25 consecutive months. I find that the plaintiff gave to the defendant, as security for the loan, a straight bill of sale of personal chattels, that the bill of sale run to one Donnell as grantee, that the plaintiff did not have actual knowledge that Donnell was named as grantee, but had reason to suppose and did suppose that the paper which he signed was a mortgage running to the defendant. It is suggested that the defendant was an agent only of Donnell, but there is no proof of this, unless it be found in the fact that Donnell was named as grantee, in the bill of sale. I find that if the defendant was agent that fact was not disclosed to the plaintiff, and that as to the plaintiff, the defendant was a principal. If under such circumstances, the defendant took a note to himself, as I find from the undisputed testimony, and took security running to Donnell, the latter is to be regarded so far as this case is concerned, as trustee for the defendant. I find accordingly that the defendant who made the loan and took the bill of sale and was the cestui que trust and who produced the bill of sale at the trial, was the "holder" of the security within the meaning of chapter 90 of the Acts and Resolves of 1905. I find that the loan was contracted in violation of R. S., chapter 46, section 2, and that the defendant could have collected only six per cent interest, and the payments made by the plaintiff have exceeded the amount due on the note with legal interest. In other words the note is fully paid and more. But I find that the payments in excess of the amount legally due to recover which this suit is brought, were made by the plaintiff voluntarily and under the law as it stood when they were made could not be recovered back. The statute relied upon by the plaintiff, chapter 90 of the

Laws of 1905, was not enacted until after all the payments had been made. And for that reason I rule that it affords no ground for recovery in this action. The entry will be 'judgment for the defendant.'"

To the ruling that said Act of 1905 was not retroactive, and to the order of judgment for the defendant, the plaintiff took exceptions.

*Thomas W. Vose*, for plaintiff.

*Martin & Cook*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, JJ.

PEABODY, J. This was an action on the case brought under chapter 90 of the Public Laws of 1905 to recover an excess of interest paid by the plaintiff to the defendant upon a promissory note. The case is before the Law Court on exceptions.

The plaintiff on April 6, 1903 contracted for a loan of ten dollars from the defendant with interest at the rate of one dollar a month, and gave to the defendant a note therefor, and thereafter paid the interest specified for twenty-five consecutive months. A bill of sale of personal chattels was given as security to a third person, and the defendant, the cestui que trust, was the "holder" within the meaning of chapter 90 of the Public Laws of 1905. The loan was contracted in violation of R. S., ch. 46, sec. 2, and the defendant could have collected only six per cent interest. The payments made by the plaintiff have exceeded the amount due on the note with legal interest. The court further found that the excess payments were made by the plaintiff voluntarily, and ruled that under the law as it stood when they were made, they could not be recovered back. The amendatory statute relied upon by the plaintiff, chapter 90 of the Public Laws of 1905, was not enacted until after all the payments had been made and the court ruled that for that reason it affords no ground for recovery in this action. The exceptions were to this ruling that the act of 1905 was not retroactive, and to the order of judgment for the defendant.

The statute R. S., ch. 46, sec. 2 provided that "all loans for less than two hundred dollars, secured by mortgage or pledge of personal·

property, shall be dischargeable by the debtor upon payment or tender of the principal sum actually borrowed, and interest at the rate specified therein, which shall not exceed" certain specified rates, and further provides that "all loans made in violation hereof shall bear interest at the legal rate of interest only."

The amendment of 1905 further provides that "all payments made in excess of six per cent interest on loans so made in violation hereof shall be applied to the discharge of the principal ; and in case a greater sum has been paid by the borrower than the amount of the principal and interest at six per cent on loans so made in violation hereof, may be recovered from the holder of said security by the borrower in an action on the case."

It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intent that it should operate retrospectively.   Cooley's Constitutional Limitations, 7th Ed. page 529 ; *Rogers* v. *Inhabitants of Greenbush*, 58 Maine, 395 ; *Lombard, Applt.*, 88 Maine, 587 ; *Murray* v. *Gibson*, 15 Howard, 421 ; *Harvey* v. *Tyler*, 2 Wallace, 328 ; *Chew Heong* v. *U. S.*, 112 U. S. 536.

The language of the amendment does not clearly show such an intention.   It would also appear by considering the consequences of such a provision, if retrospective, that no such intention existed.   If the amendment were to operate retrospectively it must either disturb a settlement voluntarily made and so interfere with the property rights of the defendant, or on the other hand if this settlement was not made under the protection of the law, and the plaintiff had a right of action in the nature of quasi-contract to recover back the interest in excess of six per cent, this cause of action would be reduced by the amendment, which compels an application of the excess interest first to the principal of the note.   In either case a retrospective interpretation of the amendment would seriously affect the property rights of one or the other of the parties, and might even, make the enactment beyond the competence of the legislature. It is sufficient to say that no such intention is to be implied from the language of the amendment.

*Exceptions overruled.*