FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellant from decree of Judge of Probate,

In re

ESTATE OF JENNIE BARNES POPE.

Cumberland.     Opinion January 1, 1908.

*Statutory Construction. Rule Relating Thereto. Probate Bonds. Discharge of Surety. Statute, 1899, chapter 85. R. S., 1883, chapter 72, section 3. . R. S., chapter 74, section 3.*

It is a fundamental rule for the construction of statutes that they will be considered to have a prospective operation only unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used.

Section 3, chapter 72, R. S., 1883, as amended by chapter 85, Public Laws, 1899, and which is now section 3, chapter 74, R. S., reads as follows : "On application of any surety or principal in such bond, the judge, on due notice to all parties interested may, in his discretion, discharge the surety or sureties from all liability for any subsequent, but not for any prior breaches thereof, and may require a new bond of the principal, with sureties approved by him." *Held:* That said section as amended does not apply to probate bonds that were filed and approved prior to such amendment.

On report. Appeal sustained. Remanded to Probate Court for further proceedings.

Appeal from the decision of the Judge of the Probate Court, Cumberland County, dismissing the petition of Fidelity & Deposit Company of Maryland, praying that the petitioner might be discharged as surety on a bond given by Jennie B. Pope as guardian of Jennie Barnes Pope, a minor.

The appeal was duly entered at the January term, 1907, of the Supreme Judicial Court, Cumberland County, sitting as the Supreme Court of Probate, and at the following April term thereof the cause by agreement was reported to the Law Court with the stipulation that the Law Court should "render such judgment as the law and the facts require."

The case appears in the opinion.

*Benjamin Thompson*, for appellant.

*John A. Morrill*, for appellee.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

KING, J. The appellant is surety upon a guardian's bond given by Jennie B. Pope, as guardian of Jennie Barnes Pope, minor, filed and approved December 7, 1897, by the Probate Court for Cumberland County, Maine.

At the time this bond was filed and approved, sec. 3, chap. 72, R. S., 1883, was in force, which read as follows:

"On application of any surety in such bond, the judge on due notice to all parties interested may, in his discretion, discharge him from liability for any subsequent, but not for any prior breaches thereof, and may require a new bond of the principal, with sureties approved by him."

By chap. 85, P. L. 1899, said sec. 3 of chap. 72 was amended so that said section as amended reads as follows:

"On application of any surety or principal in such bond, the judge on due notice to all parties interested may, in his discretion, discharge the surety or sureties from all liability for any subsequent but not for any prior breaches thereof, and may require a new bond of the principal, with sureties approved by him." This statute as so amended has remained unchanged and is sec. 3 of chap. 74, R. S.

February 20, 1906, after the amendment, the said bond being in force, Jennie B. Pope, the principal therein, made application to the judge of said Probate Court that the surety in said bond, the appellant, be discharged from any further liability as such surety, and thereupon March 20, 1906, the judge of said court made a decree discharging said surety, and requiring a new bond, which new bond was filed and approved.

No question is raised but that the provisions of the amended statute were complied with.

The appellant, however, doubting the power and authority of the Judge of Probate to discharge it upon application of the principal under the amendment passed after the bond was filed and approved, on June 20, 1906, filed its petition for its discharge as such surety and requesting that the guardian be ordered to bring "the assets and securities held by her as guardian of said ward's estate for the purpose of having them verified by the court."

This petition was dismissed by a decree dated Sept. 27, 1906, for the reason as stated in the decree "that by a decree of this court, dated Mar. 20, 1906, entered upon the petition of the principal in the bond within mentioned, the petitioner was discharged from all future liability as surety on said bond and the guardian was ordered to file a new bond." From this decree dismissing its petition the appellant appealed, and the cause is before the Law Court on report.

The question presented in this case is whether or not the amendment, approved March 16, 1899, authorizing the principal alike with the surety to petition for the discharge of the surety, applies to this bond previously filed and approved.

It is a fundamental rule for the construction of statutes that they will be considered to have a prospective operation only unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used.

*Hastings* v. *Lane*, 15 Maine, 134 ; *Torrey* v. *Corliss*, 33 Maine, p. 336 ; *Bryant* v. *Merrill*, 55 Maine, 515 ; *Rogers* v. *Greenbush*, 58 Maine, p. 397 ; *Deake, Appellant*, 80 Maine, 50 ; *Dyer* v. *Belfast*, 88 Maine, 140 ; *Peabody* v. *Stetson*, 88 Maine, 273 ; *Lambard, Appellant*, 88 Maine, 587 ; *Carr* v. *Judkins*, 102 Maine, 506; *Chew Heong* v. *U. S.*, 112 U. S., p. 559 ; 26 Am. & Eng. Enc. Law, 2nd. ed., p. 693, and cases cited.

Reference to a few only of these decisions will show how firmly this rule is established in judicial precedent.

In *Chew Heong* v. *U. S.*, supra, the Federal Supreme Court said : "Words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other

meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied."

In *Dyer* v. *Belfast*, supra, the late Chief Justice WISWELL said : "Statutes are always to have a prospective operation unless the intention of the Legislature is clearly expressed or clearly to be implied from their provisions, that they shall apply to past transactions."

And in *Lambard, Appellant,* supra, Mr. Justice WHITEHOUSE uses these words : "It is undoubtedly a well settled general rule that acts of the legislature will not be so construed as to have a retrospective operation · unless the legislature has explicitly declared its intention that they should have that effect ; or such intention clearly appears by necessary implication from the terms employed considered in relation to the subject matter, the present state of the law, the object sought to be accomplished, and the effect upon existing rights and obligations."

Applying this rule of construction to the statute under consideration it is plain that the amendment of March 16, 1899, should not have a retroactive operation.   In the language used the legislature has not "explicitly declared its intention" that the amendment should apply to bonds previously given.   Neither does such intention clearly appear by necessary implication from the language used.

The language used is sufficiently broad and comprehensive, perhaps, to embrace bonds in force at the time of the passage of the amendment as well as those to be given thereafter, but that is not sufficient to give it a retroactive operation.   *Dyer* v. *Belfast*, supra, page 144.   *Garfield* v. *Bemis*, 2 Allen, page 447.

As there is nothing in any of the provisions of the amendment declaratory of the will of the legislature that it shall have a retroactive operation, or showing any necessity for so interpreting it, its construction must be, in accordance with the general rule so well established, that its operation is prospective only, and it did not apply to the bond in question.

This construction of the amendment giving to it only a prospective operation makes unnecessary any consideration of the question argued by counsel whether or not the amendment, if retroactive, would be unconstitutional as impairing the obligation of a contract.

Inasmuch as the petition of the appellant for its discharge was not acted upon by the Probate Court, except so far as to dismiss the same because of the previous decree of the same court under the application of the principal in the same bond, we deem it unnecessary and inappropriate for this court to express any views touching the matter of the request that the guardian should be required to bring before the court "the assets and securities held by her as guardian of said ward's estate for the purpose of having the same verified by the court." The Probate Court has not yet passed upon that request, when it does the appellant may have no cause of complaint.

It follows, therefore, that the Probate Court had no authority to discharge the surety in this bond upon the application of the principal, and that its decree made upon that application was void. The appellant's appeal must be sustained.

*Appeal sustained.   Case remanded to Probate Court for further proceedings.*