JOAN CASSIDY STETSON, ET AL.
*vs.*
ERNEST H. JOHNSON, ET AL.

Penobscot. Opinion, February 5, 1963.

*Verrill, Dana, Walker, Philbrick & Whitehouse,*
for Plaintiff.

*Ralph W. Farris, Asst. Atty. Gen.,*
*Rudman & Rudman,* for Defendant.

SITTING: WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. WILLIAMSON, C. J., did not sit. DUBORD, J., sat at argument, but retired before rendition of decision.

WEBBER, J. On report. This petition for declaratory judgment seeks a determination as to whether the rates and values to be used as a base for assessment of inheritance taxes should be the rates in effect and the values determined as of the date of death of the testator in 1918 or as of the date when contingent beneficiaries were ascertained and became entitled to possession and enjoyment in 1961.

The will of the late John Cassidy established certain trusts for the benefit of his children with contingent remainders over to their issue. The identity and respective shares of the contingent remaindermen could not be ascertained until the expiration of the last life estate. Accordingly an inheritance tax was initially assessed only upon the life interests and by order of the probate court assessment of the tax upon the remaining interests was deferred until the ultimate takers should be ascertained.

The inheritance tax law in effect at the date of the testator's death was contained in R. S., 1916, Chap. 69. It is

clear that the only value to be considered for assessment purposes under the provisions of the law as it then stood was the value as of the date of the testator's death. When assessment was required to be deferred, the law nevertheless contemplated that the rates and values applicable as of the date of death would be employed to base the final assessment when the ultimate takers were known. As was said in *Matter of Estate of John Cassidy* (1922), 122 Me. 33, 37:

> "The tax of the first section of the statute (R.S. 1916, Ch. 69) is put by the eighth section upon the *actual* value of the property, as a judge of probate shall find it to be. * * * Clearly, from the context of the statute as a whole, the meaning of the Legislature was, *that the prescribed rates should be applied,* not upon a mere possible interest, but upon a beneficial interest, within the time appointed, when consistently possible." (Emphasis ours.)

R. S., 1916, Chap. 69 was continued without any change pertinent to the decision of this case through the revision of 1930 in which it was incorporated as R. S., 1930, Chap. 77. In 1933 the inheritance tax law was revised by P. L., 1933, Chap. 148, the pertinent provisions of which are now found in R. S., 1954, Chap. 155.

P. L., 1933, Chap. 148, Sec. 10 provided for the continuation of what had been the general rule prior thereto but noted a new exception in these terms: **"Sec. 10. Tax or value as of testator's death.** Except as otherwise provided in section 13 the tax imposed by this act shall be assessed on the value of the property *at the time of the death of the decedent."* (Emphasis ours.) The new exception found in Sec. 13 was stated as follows:

> **"Sec. 13. Proceedings when settlement cannot be effected.** In case it is impossible to compute the present value of any interest, and the tax thereon is not compromised as provided in section 12, said tax shall be assessed on the value of the

property or interest therein *coming* to the beneficiary *at the time when he becomes entitled to the same* in possession or enjoyment and said tax shall be due and payable, by the executor, administrator or trustee in office when the right of possession to such interest accrues, or, if there is no such executor, administrator or trustee, by the person so entitled thereto at the expiration of 6 months from the date when the right of possession accrued to the person so entitled. * * * . " (Emphasis ours.)

P. L., 1933, Chap. 148 also changed and increased certain applicable rates. The importance of this case both to the petitioners and to the State of Maine stems in part from the fact that the value of the estate in 1961 was far greater than it was at the death of the decedent in 1918.

P. L., 1933, Chap. 148 partially repealed the law as it had stood prior thereto in these terms:

"**Sec. 42. Limitations.** This act, insofar as it changes the rate of tax applicable to property or interests therein, shall apply only to such property or interests therein *passing* on or after the 1st day of July, 1933, and, as to all property and interests therein *passing* prior to said date, the rate or rates now applicable under the provisions of chapter 77 of the revised statutes (of 1930) shall remain in force. Notwithstanding the rate of taxation applicable in any given case, all proceedings incident to the payment and collection of inheritance and estate taxes after this act shall take effect, shall be conducted under the terms hereof and full jurisdiction shall be vested in the commissioner rather than in the probate courts of the several counties of the state.

"**Sec. 43. Repealing clause.** Chapter 77 of the revised statutes (of 1930) is hereby repealed to take effect on the 1st day of July, 1933, when, in accordance with the terms of section 42, the new rates of taxation applicable to inheritance and estate taxes take effect under the terms of this act;

> provided, however, that the taxes imposed by said chapter 77 of the revised statutes (of 1930) shall notwithstanding such repeal apply to all property or interests therein *passing* prior to that date and provided further that the provisions creating liens in favor of the state, requiring the payment of interest to the state and all other provisions intended for the protection of the state in the collection of such taxes shall continue to remain in force until all taxes due under said chapter 77 have been paid in full." (Emphasis ours.)

The underlying and decisive issue is whether or not P. L., 1933, Chap. 148 was intended to be retrospective or merely prospective.

Our court has indicated the rules of statutory construction applicable in such a situation. "It is undoubtedly a well-settled general rule that acts of the legislature will not be so construed as to have a retrospective operation unless the legislature has explicitly declared its intention that they should have that effect; or such intention clearly appears by necessary implication from the terms employed considered in relation to the subject matter, the present state of the law, the objects sought to be accomplished, and the effect upon existing rights and obligations. * * * It is also declared to be the settled doctrine of the federal supreme court that, 'words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied.' " *Lambard, Appellant,* 88 Me. 587, 591; *Coffin* v. *Rich,* 45 Me. 507, 514; *Carr* v. *Judkins,* 102 Me. 506, 509; *Deposit Co., Appellant,* 103 Me. 382, 384.

If the meaning is doubtful and the words of a statute obscure, the court may properly take into consideration the practical consequences of any particular interpretation. *Coffin* v. *Rich, supra,* at page 511. In *Miller* v. *Fallon,* 134

Me. 145, the court quoted with evident approval the following from *Hathaway* v. *Merchants' Trust Co.*, 218 Ill. 580, 75 N. E. 1060:

> "The statute will only be given a retroactive effect when it was clearly the intention of the legislature that it should so operate. * * * And even where this intention clearly appears it will not be given effect if to do so would render it unreasonable or unjust."

In the instant case the statute (P. L., 1933, Chap. 148) contains no language explicitly declaring any intention that it operate retrospectively nor does such an intention clearly appear by necessary implication. On the contrary, if we but construe the word "passing" as used in sections 42 and 43 as meaning the initial passing of the estate from the testator at his death, the statute itself has made the rates and value determinable under and in accordance with the law in effect prior to 1933. The estate did not pass in one single step from the testator to the ultimate takers. It passed first from the decedent to his executor, then to the trustee and eventually from the trustee to the beneficiaries.

The court faced a rather similar situation in *Lambard Appellant*, 88 Me. 587 (cited *supra*). In that case the testatrix died in 1892. The first act of the legislature imposing an inheritance tax became effective in February, 1893. The will was not filed and allowed until June, 1893. The issue was whether or not the estate was subject to any inheritance tax. The act provided in part that "all property within the jurisdiction of this State and any interest therein whether belonging to inhabitants of this State or not, * * * which *shall pass* by will or by the intestate laws of this State, * * * shall be liable to a tax * * * ." (Emphasis ours.) The act further provided that it should not apply "to any case now pending in the probate court." Even though no proceedings were begun in the probate court and no bene-

ficiary received any portion of the estate until after the effective date of the act, our court concluded that the estate was not subject to the tax. There was no language in the statute which expressly or impliedly declared an intention that it should operate retrospectively. In so deciding the court necessarily must have concluded that the use of the words "shall pass" (as above italicized) related to the effect upon her estate caused by and at the death of the testatrix. In the sense of the statute therefore the estate *had already passed* before the effective date of the taxing statute. As a result the court determined that it was the date of death alone which determined whether or not the estate became subject to taxation.

We note with interest that in section 13 of P. L., 1933, Chap. 148, above quoted, the legislature did not use the word "passing" in fixing the new basis of rates and value to be applicable in the case of contingent remainders. As already noted, section 13 applies the tax to "the value of the property or interest therein *coming* to the beneficiary (of a contingent remainder) at the time when he becomes entitled to the same in possession or enjoyment." (Emphasis supplied.) The use of the word "coming" avoids any possible confusion or seeming contradiction which might have arisen if the word "passing" had been substituted. The statute as thus written presents a reasonable and ordered pattern if we construe the word "passing" wherever it is employed as relating to the date of the death of the testator as was done in Lambard. In fact, we may properly assume that the legislature was aware of the effect of Lambard when it enacted P. L., 1933, Chap. 148. It therefore follows that in providing in section 42 thereof that the changes in rate should apply only to "property and interests therein passing on or after the 1st day of July, 1933" and preserving the rates under prior law in other cases, the effective test was intended to be whether or not the testator died "on or

after" that date. So also in section 43 the taxes imposed by Chap. 77 of R. S., 1930 (the same in effect in 1918) were preserved in full effect to apply, as we have construed the act, to the estates of persons who died prior to July 1, 1933. Since P. L., 1933, Chap. 148 readily lends itself to this interpretation, we deem it all the more significant and convincing that the act nowhere clearly and expressly declares any intention that it operate retrospectively.

In view of our holding that there is no indication that the legislature intended that P. L., 1933, Chap. 148 should operate other than prospectively, it is unnecessary here to consider the contention of the petitioners that constitutional limitations effectively prevent such legislation from operating retrospectively in any event.

The cases of *Mitton* v. *Burrill* (1918), 229 Mass. 140, 118 N. E. 274, and *Salomon* v. *State Tax Commissioner* (1929), 278 U. S. 484, 49 S. Ct. 192, principally relied upon by the State are not in point. They are relevant only to the situation as it would have existed in the instant case if the decedent had died on or after July 1, 1933. They do not bear upon the issue as to when and under what circumstances legislation will be deemed retrospective.

We conclude that the inheritance tax due the State of Maine on the remainder created by the trust under the will of John Cassidy must be assessed on the basis of the rates in effect applied to the values determined as of the date of the testator's death, March 25, 1918.

> *Remanded to the Superior Court for a decree in accordance with this opinion. So ordered.*