MOWRY & PAYSON, Inc., *vs.* HANOVER FIRE INSURANCE COMPANY.

Knox.    Opinion December 20, 1909.

*Statutes.    Construction.    Judicial Power.    Statutory Waiver.    Fire Insurance.*
*Referees.    Statute, 1905, chapter 158.    Revised Statutes, chapter 49,*
*section 4, paragraph VII, section 5.*

When the language of a statute is clear and unambiguous, admitting of only one meaning, it is not permissible to interpret what has no need of interpretation. It is not the province of the court to incorporate into the statute by judicial construction provisions which the legislature did not see fit to insert.

In construing a statute, its practical operation and possible consequences may be considered.

A statutory waiver may be established without proof of an actual intention to waive a known right.

Where an insurance company under the arbitration clause of the Maine Standard Policy named three persons as referees, in accordance with the terms of the policy, from whom the plaintiff might select one, and the person selected by the insured declined to act, *held* that the company had failed to name three persons each of whom was willing to act as one of the referees not only at the time he was named, but at the time he was required to serve, and therefore had failed to comply with the imperative terms and absolute conditions of the statute, and according to the language of the statute must "be deemed to have waived the right to arbitration."

On exceptions by plaintiff.    Sustained.

Assumpsit on a fire insurance policy, known as the Maine Standard Policy, issued by the defendant company.    There was no submission of the question of damages to arbitration as required by the terms of the policy, before the action was brought.    When the action came on for trial, an agreed statement of facts was filed and the presiding Justice ruled "as a matter of law" that the defendant had not lost or waived its "right to arbitration under the policy" and that the action could not be maintained.    To this ruling the plaintiff excepted.

The case is stated in the opinion.

*Littlefield & Littlefield,* for plaintiff.

*F. W. Brown,* for defendant.

SITTING:  WHITEHOUSE, SAVAGE, SPEAR, BIRD, JJ., EMERY, C. J., CORNISH, KING. JJ., Dissenting.

WHITEHOUSE, J.  This is an action on a fire insurance policy issued by the defendant corporation in the form known as the Maine Standard Policy prescribed ·by chapter 49, section 4, par. 7, as amended by chapter 158 of the Public Laws of 1905.  The policy contains the following clauses :

"In case of loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be within a reasonable time rendered to the company setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, the purposes for which and the persons by whom the building insured or containing the property insured, was used, and the time at which and manner in' which the fire originated, so far as known to the insured."

"In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen ; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss."

Respecting the latter clause, section 5 of the same chapter contains the following provisions :

"If the insurance company shall not, within ten days after a written request to appoint referees under the provision for arbitration in such policy, name three men under such provision, each of whom shall be a resident of this state, and willing to act as one of such referees ; or if such insurance company shall not, within ten days after receiving the names of three men named by the insured under such provision, make known to the insured its choice of one of them to act as one of such referees, ·it shall be deemed to have waived the

right to an arbitration under such policy and be liable to suit thereunder, as though the same contained no provision for arbitration as to the amount of loss or damage."

The policy in suit was for insurance to the amount of $1,000 on certain stock of cloths and clothing and all materials for the manufacture of same, while contained in a frame factory building situated in Rockland, Maine. This property was damaged by fire on the 4th of June, 1907, and on the 25th of the following July, the plaintiff executed and delivered to the defendant a sworn statement purporting to contain the information required by the first clause of the policy above quoted. On the 9th day of the following September, being unable to agree with the defendant as to the amount of his loss, the plaintiff requested the defendant to appoint referees in accordance with the provisions of the policy and of the statutes of Maine, and named three persons from whom the defendant might select one. In accordance with this request, on the 18th of the same month, the defendant named three persons from whom the plaintiff might select one. Each of the persons so named by the defendant was a resident of Maine and before his nomination had stated to the defendant that he was willing to serve if chosen by the plaintiff.

Of the three persons so named by the defendant, the plaintiff on the 11th of October, 1907, chose Chas. L. Brackett as one of the referees, but on the 14th of the same month, Mr. Brackett informed the defendant that on account of the death of his father and the many calls upon him in connection with his regular business, he should be unable to serve as referee. The next day the defendant informed the plaintiff by letter of Mr. Brackett's inability to serve as referee stating that it would "do whatever is necessary to bring the reference about at once," and three days later submitted the name of another person in place of Mr. Brackett. On the 30th of the same month the plaintiff notified the defendant that it did not recognize the right of the defendant to submit any other name and that it declined to make any choice. On the same day this action on the policy was brought without a reference.

The case comes to the Law Court on exceptions to the ruling of the sitting Justice in favor of the defendant made on an agreed state-

ment of facts and the correspondence between the parties. It appears from the statement of facts that the defendant waived any unreasonable delay in furnishing the proof of loss, but it is contended that the action is not maintainable, because a reference in accordance with the provisions of the policy is made a condition precedent to any right of action thereon unless the reference has been waived and that there has been no such waiver in this case.

On the other hand, the plaintiff contends that inasmuch as the defendant did not within ten days after request, submit the names of three persons, each of whom was willing to act as one of the referees, it must by the express terms of the statute "be deemed to have waived the right of an arbitration under such policy and be liable to suit thereunder as though the same contained no provision for arbitration as to the amount of loss or damage." This is the only question presented for the determination of the court.

The submission of the question of damages to arbitration as required by the terms of the policy, is expressly made a condition precedent to the plaintiff's right of action, and it is admitted that no such reference was had and no award of referees made respecting the "amount of loss or damages" before the commencement of this action. It is not questioned that within the time prescribed by the statute the defendant in good faith responded to the plaintiff's request for a reference by naming for referees three persons who had expressed a willingness to act as referees. It is admitted that the ultimate declination of Mr. Brackett to serve was not occasioned through any fault of the defendant, and that after the refusal of Mr. Brackett to act, the defendant promptly offered to do whatever was necessary to secure a reference and submitted a new name in place of Mr. Brackett.

Upon this state of facts it is earnestly contended that it would be unreasonable to hold that the defendant must be deemed thereby to have waived the right to arbitration. It is argued that the practical effect of such a construction of the statute would be to make the company guarantee that the persons named by it for referees should not only be willing to serve when named, but that they shall remain alive and able and willing to serve during the

entire limit of two years within which the action may be commenced.

Several cases are also cited which are claimed to be in some respects analogous to that at bar and to lend some support to the defendant's contention. In *Fisher* v. *Insurance Co.*, 95 Maine, 486, the referees were duly selected and made their award, but the plaintiff claimed that the award was invalid by reason of misconduct on the part of "the referees," and sought to recover his damages in an action on the policy, irrespective of the amount awarded by the referees. There was neither allegation nor proof, however, that such misconduct was caused or participated in by the defendant, and it was accordingly held that if the award was invalid without fault of the defendant "it was the duty of the defendant to seek a new determination in the manner provided by the contract." It will be seen that the question here decided was wholly different from that at bar, and that no reference whatever was made to the provisions of the statute here involved. A precisely similar question was decided in *Levine* v. *Insurance Co.*, 66 Minn. 138, cited in *Fisher* v. *Insurance Co.*, 95 Maine. In *Fire Assn. of Phila.* v. *Appel.*, 76 Ohio, 1, (80 N. E. 952) it was held that when the company's appraisers withdrew, neither party appearing to be in fault, it was the duty of the company upon request of the insured to select another appraiser in his place and go on with the appraisal, and that if the company refused so to do and insisted on a new appraisement, such conduct would amount to a waiver on its part of the right to arbitration. Similar questions were decided in *Westenhaver* v. *Insurance Co.*, Iowa, (84 N. W. 717) and *Grady* v. *Home Ins. Co.*, 27 R. I. 436, but no reference was made in any of these cases to any stipulation in the policy or provision of the statute fixing the time within which the referees must be named or selected.

In *Smith* v. *Insurance Co.*, 87 Maine, 190, an action on a Massachusetts policy issued prior to the enactment of the statute fixing the number of days within which the persons must be named for referees, this court said: "It was as much the duty of one party as of the other to initiate proceedings, unless it may have possibly been more the duty of the plaintiff as the affirmative party." Thus

the law appeared to be left in a state of doubt and uncertainty respecting the party upon whom it was incumbent to initiate the proceedings. That opinion was announced January 23, 1895, and the statute under consideration was enacted by the legislature then in session, and was a part of section one of chapter 158 of the laws of that year, the same chapter and section which prescribed the form of the Maine Standard Policy. It declares that if the insurance company shall not, within ten days after a written request to appoint referees . . . . name three men, each of whom shall be a resident of this State and willing to act as one of such referees . . . . it shall be deemed to have waived the right to arbitration. It was apparently enacted for the special purpose of removing the previously existing uncertainty in regard. to the mode of procedure, and of definitely prescribing the conditions under which the privilege of arbitration might be enjoyed or the right deemed to be waived. In *McDowell* v. *Insurance Company*, 164 Mass. 447, the efficacy of a statute of substantially the same tenor as our own was brought in question and it was held, that if the insurance company failed to name three persons for referees within ten days after request or failed to choose one of the three named by the insured, it must be deemed "to have waived its right to have the amount of the loss determined by arbitration." There was no suggestion that the provisions of this statute might be construed as merely directory. They were treated as definite imperative and controling.

The statute is manifestly one of more than ordinary importance to the parties. In concise and definite terms, it states the conditions upon which the insured is compelled to surrender his right to a jury trial if he should prefer a jury trial upon the question of damages, as well as the obligations to be discharged by the company, if it would receive any advantages that might be derived from a settlement of the damages by arbitration. It fixes a brief and definite limit of ten days within which the names must be presented and a referee chosen for the obvious purpose of securing a more prompt administration of justice. The statute requires the company within ten days after request to name three men "each of whom shall be

willing to act as one of the referees." It gives the insured the right to select from three who are willing to serve. It contains no provision which gives the defendant the right to present a new name in lieu of the one refusing to serve. Respecting the course to be pursued in the event that one or two of the three named shall refuse to serve, the statute is silent. It fails to anticipate such a contingency. It contains no provision giving the company the right either to present a new name in lieu of one refusing to serve, or to name three new men from whom the insured could make a second selection. If it should be held that in the contingency named the company should have the opportunity to present either one or three new names, no limitation of time is fixed by the statute within which such a new submission of name might be made. It specifies no limit beyond the single term of ten days.

When the language of a statute is clear and unambiguous, admitting of only one meaning it is not permissible to interpret what has no need of interpretation. It is not the province of the court to incorporate into the statute by judicial construction, provisions which the legislature did not see fit to insert.

It is true that in this case the good faith of the defendant is not questioned, but in determining the justice and propriety of the rule contended for by the defendant, its practical operation and possible consequences may properly be considered. By selecting Mr. Brackett as referee in this case the plaintiff thereby distinctly preferred him to the other two and by implication necessarily rejected the other two. It would be an injustice to compel the plaintiff to accept one of those men after Mr. Brackett declined to serve, and if the opportunity were given the defendant to designate a new man in place of Mr. Brackett, the plaintiff would be practically forced to accept any name which the defendant might deem it advantageous to present.

Again if the court should assume to establish a rule that would authorize the men named by the defendant for referees to refuse to serve after the expiration of ten days, and still permit the defendant to retain the benefit of the arbitration clause irrespective of the limitation of time now prescribed by the statute it is evident that through the adroit management of a zealous insurance agent, the

insured would in some instance be effectually deprived of the choice given him by the statute and find himself reduced to the necessity of accepting for referee the only one who had not declined to serve and the one especially desired by the defendant. While there is no suggestion that the company designedly sought to create the situation that existed in this case, it is an illustration of the possible results of such a rule. The company failed to give the plaintiff the opportunity to make the choice to which he was legally entitled, within the time limited by the statute. It failed to name three men each of whom was willing to act as one of the referees, not only at the time he was named, but at the time he was required to serve. It failed to comply with the imperative terms and absolute conditions of the statute, and must be held legally responsible for the failure of the arbitration and according to the language of the statute "be deemed to have waived the right to it." It is not a question of the good faith or actual intentions of the defendant. It is not an intentional waiver, but a statutory waiver that deprives the defendant of the right to arbitration. A statutory waiver may be established without proof of an actual intention to relinquish a known right. The defendant failed to comply with a definite and positive requirement of the statute, and it is immaterial whether such failure was the result of a controversy respecting the legal duty of the defendant, or of its misfortune in selecting for referee one who was not willing to act as such at the time he was required to serve.

The rule contended for by the defendant would enable the company to defeat the purpose of the statute through a "change of mind" on the part of one of the men named for referees, and leave the insured in practically the same state of uncertainty, and subject to the same delay as before the adoption of the amendment. If it be deemed just and proper to preserve to the defendant the right of arbitration in the contingency which occurred in this case or in the event of the death of one of those named for referees it is the province of the legislature to take appropriate action to accomplish that result. It is not the duty of the court to seek to accomplish it by judicial legislation.

*Exceptions sustained.*

## DISSENTING NOTE.

EMERY, C. J., CORNISH, KING, JJ.    We are unable to concur. We think the case, though naturally different in some details, is essentially within the spirit, the principle, of the case, *Fisher* v. *Insurance Company*, 95 Maine, 486, and cases there cited.    That principle is that when the first proceeding to procure the stipulated appraisal fails without fault of the defendant, it is incumbent upon the plaintiff to initiate another proceeding for that purpose.    In this case the failure was admittedly without the fault of the defendant.