FRANK M. CONNERS' CASE.

Sagadahoc.    Opinion December 20, 1921.

*After the expiration of the time within which an appeal may be taken from a final decree of the Chairman of the Industrial Accident Commission, under the Workmen's Compensation Act, a rehearing cannot be had on the merits of the case on the ground of newly discovered evidence. An appeal upon questions of law may be had to a single Justice, and thence to the Law Court, and a review may be had within two years after decree on the ground that the incapacity of employee has subsequently increased, diminished or ended.*

After a final decree has been made and entered by the Chairman of the Industrial Accident Commission under the Workmen's Compensation Act, and the time for taking an appeal therefrom has expired, the Chairman has no

power to grant and hold a rehearing on the merits of the case upon motion presented therefor on the ground of newly discovered evidence.

An appeal upon questions of law to a single Justice of this Court and thence to. the Law Court is provided by R. S. Chap. 50, Sec. 34, and a review of compensation awarded may be had by the Chairman within two years after entry of decree upon the ground that the incapacity of the employee has subsequently increased, diminished or ended, under Section 36, but these are the only instances in which a review is provided for, and the present proceeding does not come within either of them.

The rights of the parties are governed entirely by statute, and the statute knows and authorizes no such procedure as was attempted here.

On appeal. This is a petition by claimant under the Workmen's Compensation Act praying for a rehearing on the ground of newly discovered evidence, after a full hearing had been held on claimant's original application for compensation and a final decree entered denying compensation, and the time within which an appeal may be taken as fixed by statute had expired without any appeal being taken. The Chairman of the Industrial Accident Commission granted the petition, and a decree by a single Justice was entered in accordance therewith, from which decree an appeal was taken by defendants. Decree reversed. Petition dismissed.

Case is stated in the opinion.

*David O. Rodick*, for plaintiff.

*Hinckley & Hinckley*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, DEASY, JJ.

CORNISH, C. J. The claimant received an injury on October 19, 1918. On March 14, 1919, he filed with the Industrial Accident Commission a notice and application for compensation under the Workmen's Compensation Act. Answer was filed on the same day. The claimant was still in the hospital at Bath, where he had been since receiving his injuries. The chairman of the commission was present. The claimant had no attorney. The record and decree pertaining to the hearing read in part: "Under a mutual agreement to proceed with the hearing before the Chairman the parties entered into the following stipulation upon the record: 'It is understood and agreed by and between the parties to this hearing that the petition for adjustment of claim of the injured employee filed this day and

the answer of L. P. Soule & Son Co. and the Contractors Mutual Liability Ins. Co. shall be the foundation for all proceedings in this hearing as if regularly filed and notice thereof ordered, and the answer filed in accordance with the provisions of the statute and that all formalities are waived.'

"After full hearing of the parties and their witnesses the Chairman makes the following finding of facts. First, that the injured employee Frank M. Conners, on or about the 19th day of October, 1918, or at any other time while in the employ of L. P. Soule & Sons Co. did not receive a personal injury by accident arising out of and in the course of his employment. Dated March 15, 1919."

This decree was signed by the then Chairman of the Commission. No appeal from this decision was taken.

On September 13, 1920, the claimant filed with the Chairman the petition now under consideration, asking for a rehearing on the ground of newly discovered evidence. This petition recites the facts connected with the first hearing and decree and then alleges that since the signing of that decree the petitioner has discovered new and important evidence and witnesses, that this evidence was not presented at the previous hearing and could not have been discovered by the petitioner owing to his mental, physical and financial condition. The petitioner then proceeds to state the names of the witnesses and the facts to which each would testify. In short the same general form is adopted as in cases of a motion for new trial on the ground of newly discovered evidence after verdict and before judgment in an ordinary action at law in a common Law Court.

The defendant filed answer denying the power of the commission to grant this petition, but the petition was granted and a new hearing ordered from which order an appeal to this court was duly perfected.

The important question for decision is whether after a final decree has been signed and the time for taking an appeal has expired, the Commissioner has power to grant and hold a rehearing on the merits of the case upon motion presented therefor on the ground of newly discovered evidence. We are unable to discover that such power is inherent in the commission or has been conferred upon it by statute.

The Industrial Accident Commission is not a court of general nor even of limited common law jurisdiction, but an administrative tribunal specially created by the Legislature to administer the Workmen's Compensation Act (adopted in this State in 1915) with the

aid of the Supreme Judicial Court.   Public Laws, 1915, Chap. 295,
R. S., 1916, Chap. 50 as amended by Public Laws, 1919, Chap. 238.
As such administrative arm of the Legislature it possesses only such
jurisdiction, powers and authority as are conferred upon it by express
legislative grant or such as arise therefrom by implication as necessary
and incidental to the full and complete exercise of the powers granted.
*Levangie's Case*, 228 Mass., 213; *Sterling's Case*, 233 Mass., 485.
It has a procedure all its own and it borrows nothing by implication
from the courts of common law.

No power of reopening or rehearing a case upon its merits, in which
a decree has been entered, and of determining anew the liability or
non-liability of the employer is granted by the statute.   That decree,
in the absence of fraud, is declared to be final upon all questions of
fact.   Section 34.

In two instances, and in only two, is the right given to review or
modify the decision of the Commission.   The first is by appeal to a
single Justice of the Supreme Judicial Court and thence to the Law
Court as provided in Section 34.   But in such appeal questions
of fact are not involved.   It concerns itself simply with questions of
law.   The time allowed for taking such appeal was ten days under
the original statute of 1915, and is now twenty days under the
amended statute of 1919.   That appeal was not attempted here.
The second method is by way of review under the following pro-
vision:   "At any time before the expiration of two years from the
date of the approval of an agreement by the Commission or the
entry of a decree fixing compensation, but not afterwards, and before
the expiration of the period for which compensation has been fixed
by such agreement or decree, but not afterwards, any agreement,
award, findings or decree may be from time to time reviewed by the
Chairman of said Commission upon the application of either party,
after due notice to the other party, upon the ground that the incapac-
ity of the injured employee has subsequently ended, increased or
diminished.   Upon such review the said Chairman may increase,
diminish or discontinue the compensation from the date of application
for review in accordance with the facts, or make such other order as
the justice of the case may require, but shall order no change of the
status existing prior to the application for review."   Section 36.

This provision as to review is expressly limited to cases where by
the original decree a compensatory award has been made, and where

the petitioner asks to have such award increased, diminished or ended because of conditions that have arisen since its making. Therefore it has no application to the pending controversy and none is contended for by the petitioner.

Further, in this reviewing provision it is declared that the chairman of the commission "shall order no change of the status existing prior to the application for review." This court has very recently defined the term "status" as here used to mean "the relation in which an injured person stands toward him who was his employer at the time of the accident. It goes to his right to recover compensation." *Fennessey's Case*, 120 Maine, 251. Evidently the Legislature did not intend that the original determination as to liability should be overturned by any subsequent evidence except in cases of fraud which vitiates all judgments.

We see therefore that two proceedings subsequent to the original decree are authorized, the one on appeal in matters of law, and the other in modification of damages because of subsequent facts and conditions, and the authorization of these two impliedly excludes all others according to the general rule for the interpretation of statutes.

But the petitioner claims that without such statutory authority the commission has the inherent power to grant a new trial on ground of newly discovered evidence where justice would seem to require it.

To this we cannot give assent. In the first place, were there such inherent power it is wrongly invoked in this case. Section 34 provides that the decree of the commission "shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in a suit in equity duly heard and determined by said Court except there shall be no appeal therefrom upon questions of fact found by said Commission or its Chairman." Proceedings in equity know no such machinery as a motion for new trial on the ground of newly discovered evidence. Such a motion is cognizable only in actions at law. Moreover, in actions at law it can be employed only after verdict and before judgment. After judgment the remedy is by writ of review or writ of error.

The petitioner claims, however, that the practice contended for prevails in Courts of Probate, which are also creatures of the statute, and therefore by analogy this practice should prevail under the Compensation Act. Assuming that the analogy is complete, which it is not necessary to decide, the power residing in a Probate Court to

reopen a case upon petition for rehearing is far more restricted than the petitioner would argue. It can be exercised in cases of fraud or clerical mistake, or as the court has phrased it in case of a decree, "Clearly shown to be without foundation in law or fact and in derogation of legal right." *Merrill Trust Co., Appellant,* 104 Maine, 566. Instances of the exercise of this power may be found in the probating of a later will and revoking the decree probating an earlier, which in law had no vitality and therefore was "in derogation of legal right;" *Cousins* v. *Advent Church,* 93 Maine, 292; in revoking a decree admitting to probate a will which was forged, a palpable fraud upon the court; *Merrill Trust Co., Appellant,* supra; in reopening a guardian's final account where the allowance had been obtained by fraud; *Moore, Appellant,* 112 Maine, 119; in reopening a decree of distribution inadvertently made containing manifest clerical errors; *Bergeron, Appellant,* 98 Maine, 415.

But this is the limit of the power to reopen. The Probate Court has no general authority so to do in every case where rights have been determined. This was carefully guarded against in the Bergeron case where the court say: "We do not hold that a Probate Court can, after the term it was made, annul or modify a decree as to a matter which was passed upon and determined in the making of such decree or that even such a decree as this would not be ample protection to any person who had acted upon it, but simply that before a decree has been acted upon, upon application by a person interested and after notice to all persons interested, that the Probate Court may annul or modify a previous decree containing manifest errors and mistakes inadvertently made and which were not considered by the Probate Court and determined by it."

Recurring now to Industrial Accident cases it should be observed that our statute notes the vitiation of all decrees of the Commissioner by fraud, and fixes their finality in all other cases, in these words: "His decision in the absence of fraud, upon all questions of fact shall be final." Section 34.

Our attention has been called to no authorities holding that the power of rehearing is vested in the Commission except in those States where the authority is expressly conferred by statute.

In *Beckman* v. *Oelrich,* 174 App. Div., 353, 160 N. Y. Supp., 791, cited by the Chairman in his decision, where on petition a rehearing was granted, the proceeding was under Section 74 of the New York

Workmen's Compensation Act which is as follows: "Jurisdiction of Commission to be continuing. The power and jurisdiction over each case shall be continuing and it may from time to time make such modification or change with respect to former findings or orders relating thereto as in its opinion may be just." The power to rehear is expressly granted by this statute and was exercised under that grant. Connecticut has a somewhat similar provision, and modification of awards in that State are governed exclusively by statute. In a very recent case (1920) the court in discussing the subject say: "The defendant attempts to liken the award to the judgment of a court and the proceedings to modify the award to those for a new trial. There is no such similitude. The award is subject to modification at any time for the causes named in the statute, and these are radically different from causes which give ground for a new trial. The award is the creation of the statute; it is subject to modification upon the grounds specified in the statute." *Saddlemire* v. *American Bridge Co.*, 94 Conn., 618.

The decisions of Industrial Accident Boards in other States which have been called to our attention are also found upon examination to base the right of reopening or rehearing upon express statutory authority and therefore are not in point in the case at bar.

On the other hand where no such statutory provisions exist, the right of rehearing on the merits has been denied. *Pocs* v. *Buick Motor Co.*, 207 Mich., 591; *Benjamin and Johnes* v. *Brabban*, 92 N. J. 508; *Simpson Const. Co.* v. *Industrial Board of Illinois*, 275 Ill., 366.

In *Hunnewell's Case*, 220 Mass., 351, upon an application of an employee to have compensation extended beyond the time first fixed by the board, the question of its power was considered and the court employed this significant language: "The action of the board was not an unqualified decision to end all payments under the act. Such a decision would mean that incapacity of whatever degree arising from the injury had disappeared finally. Doubtless after such a decision the board would be without power to revive the matter. It would have become ended and become a thing of the past. The doctrine of res judicata would apply to it."

Our conclusion, therefore, is that the rights of the parties are governed by the statute, and the statute knows no such power or procedure as is here invoked. It well may be that the Legislature purposely avoided such a practice. The design of the entire Work-

men's Compensation Act is the speedy, inexpensive and final settlement of the claims of injured employees. Its procedure shuns protracted and complicated litigation; and yet if the practice here asked for is recognized and adopted there would seem to be no end to litigation. If the employee can ask a rehearing on the merits in this manner, the same right must be given to the employer and a weapon placed in his hands that by delay would thwart the very salutary purpose of the act. Then, too, there would seem to be no limitation to the time when such a petition could be filed. In short, these cases intended to be speedily and "summarily" disposed of might be dragged to an interminable length.

As to the claimant's further point that the defendant's appeal was not filed within the prescribed period of twenty days and therefore cannot be heard, and the decree of the chairman must stand, it is only necessary to say that the decree itself being void as beyond his jurisdiction, the court will so declare it whenever the matter is brought to its attention.

The entry will be,

> *·Decree reversed.*
> *Petition dismissed.*