DEVOE'S CASE.

Aroostook.     Opinion January 18, 1933.

*J. Frederic Burns*, for petitioner.
*William B. Mahoney*,
*James C. Madigan*, for respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.    This is an appeal from a *pro forma* decree of a Justice of the Superior Court affirming a decree of the Industrial Accident Commission awarding further compensation to the petitioner.

The petitioner was injured September 25, 1929, in an accident arising out of and in the course of his employment. In the report of the accident and in an agreement for compensation filed October 22, 1929, the injury is described as a fractured rib. On October 8, 1930, an informal hearing was held to determine the petitioner's incapacity. By agreement the employer and insurance carrier subsequently on November 19, 1930, filed a formal petition. On November 24, 1930, the Commission made the following finding and decree: "From the case as presented we can see no causal connection between the injury and the incapacity now claimed. We feel that full consideration of the entire matter indicates that incapacity resulting from the injury did not exist beyond September 6, 1930.

"It is therefore ordered and decreed that compensation payments shall cease as of said date."

At the time of the hearing on October 8 the injury was understood to have been a fracture of the ninth rib in the left chest, and the petitioner complained at that time of pain and inability to straighten up. The decree from which the present appeal is taken is based on a petition for further compensation filed May 10, 1932,

in which the petitioner claims that there was an injury to his internal organs arising out of the same accident, which resulted in incapacity subsequent to that for which compensation had been paid. In the hearing on this petition the employee's complaints of pain and inability to straighten up were substantially the same as at the preceding hearing on October 8, 1930. The testimony indicated, however, that these disabilities were due not to the fractured ninth rib but to an injury to the spleen lying just beneath the fractured rib. It was also discovered that the eighth rib had been fractured as well as the ninth. The Commission made a finding that the petitioner "has been totally incapacitated for earning since October 8, 1930, as a direct or indirect result of the fractured rib (or ribs) sustained September 25, 1929." Compensation was ordered paid from October 8, 1930, with a credit to be given for payments made from October 8 to October 17, 1930.

The employer contends that after a finding of fact had been made in the former proceeding inconsistent with the right to further compensation, the Commission was without power to reopen the question after it had been decreed that incapacity due to the injury had ended.

It is undoubtedly true that when a hearing has been had on the merits and a decree either awarding or denying compensation has been entered, the Commission is without power to reopen the case and modify its finding because of error. *Conners' Case*, 121 Me., 37, 115 A., 520; *Healey's Case*, 124 Me., 54, 126 A., 21.

The petition in this case was filed under the provisions of Chap. 55, Sec. 37, R. S. 1930, which reads in part as follows: "If after compensation has been discontinued, by decree or approved settlement receipt as provided by section forty-three hereof, additional compensation is claimed by an employee for further period of incapacity, he may file with the Commission a petition for further compensation setting forth his claim therefor; hearing upon which shall be held by a single commissioner."

This clause does not modify the principles enunciated in *Conners' Case* and in *Healey's Case*, supra, as is clearly pointed out in the recent opinion in *Comer's Case*, 131 Me., 386. The intent of this statutory provision is to permit the making by the parties of a settlement discontinuing compensation, or the entry of a decree to

the same effect without thereby foreclosing the right of the employee to recover further compensation if he suffers a recurrence of trouble due to the injury, or if it is discovered that compensatory injury exists, which at the time the final decree was entered, was unknown to the parties and therefore not considered by the Commission. *Comer's Case*, supra. Such purpose is in accord with the liberal aim of the statute, which seeks on the broadest principles to provide a just recompense for those injured in industrial accidents.

The decisions cited by counsel for the employer, which hold that decrees ending compensation are final, are from jurisdictions where the Industrial Accident Commissions have no such statutory authority as is conferred here. See *F. Jarka Co.* v. *Monahan*, 29 Fed. (2 ed.), 741, 742.

It is clear that neither the injured man nor the Commission was aware of the internal injuries which were causing a continuation of the petitioner's disability. On their discovery the Commission was not without authority to award additional compensation.

> *Appeal dismissed.*
> *Counsel fees and costs to*
> *be allowed appellee to be*
> *fixed by the Court below.*