JIMMY LYNCH *vs.* NARCISSE JUTRAS

AND

GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION.

Androscoggin.      Opinion, August 17, 1938.

*Alton A. Lessard,*
*Brann & Isaacson,* for appellee.
*Benjamin L. Berman,* for appellant.

SITTING : DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.    Appeal from *pro forma* decree of a Justice of the Superior Court, confirming a decree of the Industrial Accident Commission awarding "further compensation" to the petitioner.

On May 22, 1931, while working for defendant Jutras, petitioner Lynch received an injury to his back, resulting from an accident in the course and arising out of his employment. In the original petition the injury was described as "Piece of tar road-bed fell on back while stooping down. Bruised back."

On July 11, 1931, an agreement as to compensation was entered into (approved by the Commission on July 17, 1931), whereby the petitioner was allowed compensation for total incapacity of $18 per week from May 29, 1931 to June 20, 1931, both dates inclusive. The petitioner returned to work June 22, 1931 and continued working through July 25, 1931 when he quit.

On the 11th of the September following, he filed a petition for further compensation on account of the accident of May 22, 1931, setting forth his injury as "bruised back." This was dismissed by the Commission under decree dated October 28, 1931 because it found that his then incapacity was due to an accident that happened on July 21, 1931. It also found that he had recovered from the May 22nd accident.

On the same October 28th, he filed another petition for compen-

sation on account of the July 21st accident. This was also dismissed because the defendant was not then an assenting employer.

Not until March, 1937, did the petitioner learn that in the accident of May 22, 1931 he had received injuries additional to those previously considered by the Commission, these consisting of fractures of the transverse processes of the third and fourth lumbar vertebrae on his left side. Then, on March 25, 1937, he filed the pending petition asking for further compensation on account of the newly discovered injuries. Upon hearing on this petition, the Commission allowed him for total incapacity $18 per week from July 27, 1931 to September 26, 1931, both dates inclusive; and for partial incapacity, $14 per week from September 27, 1931 to January 26, 1932, both dates inclusive, to the decree for which the employer took the appeal now before us.

It is contended the above mentioned decree of October 28, 1931 bars the award of further compensation on the pending petition. But see *Devoe's Case*, 131 Me., 452, 163 A., 789.

Section 37 of Chapter 55, R. S. 1930, so far as it is applicable, provides:

"If after compensation has been discontinued, by decree or approved settlement receipt as provided by section forty-three hereof, additional compensation is claimed by an employee for further period of incapacity, he may file with the commission a petition for further compensation setting forth his claim therefor; hearing upon which shall be held by a single commissioner."

With reference to this statute, the court in *Devoe's Case*, supra, said:

"The intent of this statutory provision is to permit the making by the parties of a settlement discontinuing compensation, or the entry of a decree to the same effect without thereby foreclosing the right of the employee to recover further compensation if he suffers a recurrence of trouble due to the injury, *or if it is discovered that compensatory injury exists, which at the time the final decree was entered, was unknown to the parties and therefore not considered by the Com-*

*mission. Comer's Case,* supra. Such purpose is in accord with the liberal aim of the statute, which seeks on the broadest principles to provide a just recompense for those injured in industrial accidents." (Italics ours.)

The instant case comes within the cited principle of law, for here it was found by the Commission that, at the time of the entry of the final decree of October 28th and of the subsequent decrees above mentioned, the petitioner had a compensatory injury, then unknown to the parties and unconsidered by the Commission.

Counsel for the employer would distinguish *Devoe's Case,* supra, saying that in it "there was not, as here, a prior decree upon an intervening petition for the same purpose, expressly adjudicating that no disability of any character existed, resulting from the accident, and that a complete recovery had been made, and that whatever disability did subsequently ensue was due to a totally different and subsequent new accident."

In that case, subsequently to the filing of an agreement for compensation following the accident and before the filing of the final petition, a petition was filed to determine the petitioner's then incapacity. On this intervening petition the Commission decreed that it saw "no causal connection between the injury and the incapacity now claimed" and thus determined in effect that the incapacity resulting from the known injury did not then exist. While it is true that. in *Devoe's Case* the intervening decree did not state as here that the employee had completely recovered from *the accident* (and perhaps, therefore, it was not necessary to state the principle as broadly as it did in construing the statute), yet it did say that further compensation could be awarded "if it is discovered that compensatory injury exists, which at the time the final decree was entered, was unknown to the parties and therefore not considered by the Commission." This statement clearly evinces that the court, considering the liberal aim of the Workmen's Compensation Act, was of the opinion that where an employee is in fact injured in some way other than that known to him and is awarded compensation simply for the known injury, a decree for such will not conclude him in a later petition for further compensation on account of a previously unknown. compensatory injury, even though he

should have known of it. Consequently, the statement in the decree of October 28, 1931, that the petitioner had fully recovered from the accident, exceeded the necessity of decision on the issue before the Commission. Only that decided as to the known injury was *res adjudicata.* The unknown injuries can not be said to have been "considered by the Commission." For such, an award for further compensation may be had, provided, as stated in the statute, the petition be brought "after compensation has been discontinued by decree or approved settlement receipt."

Again, a claimed distinction is that in *Devoe's Case* there were two distinct injuries, while "in the instant case, we have one injury, namely to the back, with an error in diagnosis, . . ." This, however, may be answered simply by stating that herein the Commission found that there were in fact two injuries, a bruised back and the fractures, quite distinct.

Also, it is contended that the record lacks reliable evidence showing the petitioner's incapacity due to the accident subsequently to June 22, 1931. This, however, was determined as a fact by the Commission.

> "When the commissioner finds the facts *in favor* of a petitioner, in the absence of fraud, the finding is final if there is any legal evidence, however slender, to sustain it." *Orff's Case,* 122 Me., 114, 116, 119 A., 67.

Study of the record reveals legal evidence to sustain the aforesaid finding of fact.

The only other question is as to the time for which the petitioner is now entitled to an award for further compensation. May it cover any time preceding the date of the petition, on which the decree of October 28, 1931 was based? We think not and so hold. The basis for allowing further compensation in this case is only the statute above cited, for,

> "It is undoubtedly true that when a hearing has been had on the merits and a decree either awarding or denying compensation has been entered, the Commission is without power to reopen the case and modify its finding because of error." *Devoe's Case,* supra, on page 454 and cases cited therein.

While the statute on which this petition is based permits the award of further compensation, yet, as we construe it, it does not go to the extent of making it possible to award such compensation prior to the date of an intervening petition on which a decree is made denying compensation. It opens the door only part way, but not wide enough to allow a petitioner to enter and nullify a judgment of non-recovery of compensation to a definite date.

In conclusion, this case must be remanded for modification of the decree herein appealed from so that the petitioner may receive compensation only from September 11, 1931, the date of the petition on which the decree of October 28, 1931 was founded.

> *Appeal sustained, but for the sole purpose of modifying the decree to conform with this opinion.*
>
> *Court below to fix employee's expenses on appeal.*