**Alfred A. CLARK**

v.

**STATE EMPLOYEES APPEALS BOARD
and State Board of Education.**

Supreme Judicial Court of Maine.

Sept. 9, 1976.

Preti & Flaherty, by Gerald F. Petruccelli, Harold C. Pachios, Peter H. Rysman, Portland, for plaintiff.

Levine, Brody & Levine, by Morton A. Brody, Waterville, for State Employees Appeals Board.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for State Board of Education.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

Alfred A. Clark, the appellant, was notified in September, 1969 that he was to be dismissed from his employment as a maintenance mechanic at the Southern Maine Vocational Technical Institute. Clark contested the proposed firing through the several steps provided by 5 M.R.S.A., § 753, and in December, 1969 the State Employees Appeals Board (the Board) denied him any relief, concluding that the termination of Clark's employment was justified. No further proceedings were taken at that time.

In August, 1971 the appellant filed with the Board a petition in which he sought a rehearing with respect to his previous discharge from the reference employment on alleged grounds of newly discovered evidence of impropriety of his dismissal. Holding that it was without authority to grant the appellant a new hearing, the Board refused the request.

Aggrieved by this administrative decision, the appellant, pursuant to Rule 80B, M.R.C.P., filed a complaint in the Superior Court (Kennebec County) in the way of mandamus to compel a rehearing by the Board. At this point, the State Board of Education, Clark's former employer, upon motion pursuant to Rule 24, M.R.C.P., was permitted to intervene in the action and, together with the State Employees Appeals Board, filed a motion to dismiss the 80B complaint on the ground that it failed to state a claim upon which relief could be granted (Rule 12(b), M.R.C.P.), arguing in support thereof lack of jurisdiction to grant the requested rehearing.

The motion was granted and the Superior Court Justice ordered the dismissal of Clark's 80B complaint. The instant appeal is from the ensuing judgment. We deny the appeal.

The issue is, whether the State Employees Appeals Board (the Board) had the power to reopen and rehear the dispute between the appellant and the State Board of Education after a final decision, from which no appeal was taken, had been reached in the previous proceedings.

Since governmental agencies are limited in their operations within the framework established for them by the Legislature, questions of jurisdiction, such as presented in the instant case, are cognizable in judicial review. *State Board of Education v. Coombs*, 1973, Me., 308 A.2d 582.

Initially, we take notice that the statutory provisions establishing the State Employees Appeals Board and setting up the procedures for settlement of grievances and disputes between state employees and the employer agencies of the State do not specifically authorize the Board to reopen and reconsider its decisions which, for all intents and purposes, are intended to be final.

We recognize, however, that, even in the absence of such specific statutory grant of power, some courts impute authority in administrative agencies to reopen and reconsider previous final decisions on the basis that administrative tribunals possess the inherent power of reconsideration of their judicial acts, in analogy to the authority of courts of general jurisdiction at common law, except as modified by statute. It is said that the denial to such tribunals of the authority to correct error and injustice and to revise their judgments for good and sufficient cause would run counter to the public interest. See *Handlon v. Town of Belleville*, 1950, 4 N.J. 99, 71 A.2d 624, 16

A.L.R.2d 1118; *Wammack v. Industrial Commission of Arizona*, 1958, 83 Ariz. 321, 320 P.2d 950.

On the other hand, other courts hold that administrative agencies created by legislative enactments are nonjudicial bodies and have no inherent powers of courts. These agencies, as creatures of statute, have no greater powers than, but only such powers as, those expressly conferred upon them by the Legislature, or such as arise therefrom by necessary implication to allow carrying out the powers accorded them, and, in the absence of specific statutory authority to reopen and rehear on its merits a case in which a final order, decree or decision has been entered, administrative boards have no lawful authority to modify or set aside such final decisions in their exercise of functions of a quasi-judicial nature. *Trigg v. Industrial Commission*, 1936, 364 Ill. 581, 5 N.E.2d 394; *Murdock v. Perkins*, 1964, 219 Ga. 756, 135 S.E.2d 869.

█ It is a fundamental rule of statutory construction that, when a power is conferred by statute, whatever is necessary to carry out the power and make it effective and complete will be implied. *City of Rockland v. Camden and Rockland Water Company*, 1935, 134 Me. 95, 97, 181 A. 818; *Kennie v. City of Westbrook*, 1969, Me., 254 A.2d 39, 42. That which is implied in the statute is as much a part of it as that which is expressed. *White v. Shalit*, 1938, 136 Me. 65, 69, 1 A.2d 765. But, for the rule to apply, the particular powers to be implied must be necessary to the full exercise of the powers expressly granted. *Commonwealth v. Cartwright*, 1944, 350 Pa. 638, 40 A.2d 30, 33, 155 A.L.R. 1088.

Our Court said as much in relation to the powers of the Industrial Accident Commission and repudiated the concept of inherent power in public agencies invested with quasi-judicial functions.

In *Conners' Case*, 1921, 121 Me. 37, 115 A. 520, a final decree of the Chairman of the Industrial Accident Commission, after the time for taking an appeal had expired, was said to be beyond the power of the Chairman to reconsider upon a rehearing on the merits on the ground of newly discovered evidence, the Court using the following language:

"The Industrial Accident Commission is not a court of general, nor even of limited common law jurisdiction, but an administrative tribunal specially created by the Legislature to administer the Workman's Compensation Act . . . . . As such administrative arm of the Legislature *it possesses only such jurisdiction, powers and authority as are conferred upon it by express legislative grant or such as arise therefrom by implication as necessary and incidental to the full and complete exercise of the powers granted.* . . . It has a procedure all its own, and it borrows nothing by implication from the courts of common law." Id. at pages 39–40, 115 A. at page 521 (Emphasis added)[1]

In *Conners' Case*, supra, this Court posited its conclusion that the Legislature intentionally denied the Industrial Accident Commission the power of reopening or rehearing a case on its merits, following the entry of a decree, and of making a new determination, not only on the absence of an express grant of such power, but also on the fact the Legislature's intention was obvious that the Act was designed to provide an administrative tribunal where claims of injured employees could be processed speedily, inexpensively and with finality.

"Our conclusion, therefore, [said the Court] is that the rights of the parties

---

1. For decisions following the same principle in other cases before the Industrial Accident Commission, see *Comer's Case*, 1932, 131 Me. 386, 389, 163 A. 269; *Devoe's Case*, 1933, 131 Me. 452, 454, 163 A. 789; *Lynch v. Jutras*, 1938, 136 Me. 18, 22, 1 A.2d 221; *Shoemaker's Case*, 1947, 142 Me. 321, 325, 51 A.2d 484.

are governed by the statute, and the statute knows no such power or procedure as is here invoked. It well may be that the Legislature purposely avoided such a practice. The design of the entire Workmen's Compensation Act is the speedy, inexpensive and final settlement of the claims of injured employees. Its procedure shuns protracted and complicated litigation; and yet if the practice here asked for is recognized and adopted there would be no end to litigation. If the employee can ask a rehearing on the merits in this manner, the same right must be given to the employer and a weapon placed in his hands that by delay would thwart the very salutary purpose of the act. Then, too, there would seem to be no limitation to the time when such a petition could be filed. In short, these cases intended to be speedily and 'summarily' disposed of might be dragged to an interminable length." *Conners' Case,* supra, at 43–44, 115 A. at 523.

The California Court in *Heap v. City of Los Angeles,* 1936, 6 Cal.2d 405, 57 P.2d 1323, reached the same conclusion, as this Court did in *Conners' Case,* in relation to the civil service commission; it denied the commission the power to reopen and reconsider its previous orders and gave the following reasons for its holding:

"If the power [to reopen and reconsider] were admitted, what procedure would govern its exercise? Within what time would it have to be exercised; how many times could it be exercised? Could a subsequent commission reopen and reconsider an order of a prior commission? And if the commission could reconsider an order sustaining a discharge, could it reconsider an order having the opposite effect, thus retroactively holding a person unfit for his position? These and many other possible questions which might be raised demonstrate how unsafe and impracticable would be the view that a commission might upset its final orders at its pleasure, without [ex-

press legislative] limitations of time, or methods of procedure."

See also *Kennecott Copper Corp. v. Employment Security Commission,* 1967, 78 N.M. 398, 432 P.2d 109.

Similarly, in establishing the State Employees Appeals Board, the Legislature "endeavored to create a system under which grievances of state employees might be settled expeditiously, inexpensively, and finally." *State Board of Education v. Coombs,* 1973, Me., 308 A.2d 582, 585.

■ This legislative policy would be seriously frustrated, if the Board were deemed to have the power to grant a rehearing. Indeed, the exercise of such power would undermine the concept of finality that otherwise would attach to all original determinations; it would proliferate litigation to the extent that the speedy timeframe within which grievances ought to be settled pursuant to 5 M.R.S.A., § 753 could be completely upset and it would certainly cause the employee an economic problem which on the very face of the legislation the Legislature sought to avoid.

■ In construing a statute, its practical operation and possible consequences may properly be considered. *Mowry & Payson Inc. v. Hanover Fire Insurance Company,* 1909, 106 Me. 308, 314, 76 A. 875, 29 L.R. A., N.S., 498; *Stetson v. Johnson,* 1963, 159 Me. 37, 41, 187 A.2d 740; *Tiedemann v. Johnson,* 1974, Me., 316 A.2d 359, 364.

■ Even if we assumed that the legislative intent, in this case, did not clearly appear, we must bear in mind the rule of statutory construction which requires that, when one construction leads to public mischief or to results inimical to the public interest which another construction will avoid, the latter is to be favored unless the terms of the statute absolutely forbid. *McIntire v. McIntire,* 1931, 130 Me. 326, 330, 155 A. 731.

But, "[w]here the purpose which the Legislature had in mind in enacting a stat-

ute is obvious, it is the duty of the court to carry out that purpose and so interpret the act as to accomplish the same." *Ace Tire Co., Inc. v. Municipal Officers of Waterville,* 1973, Me., 302 A.2d 90, 99.

Finally, while "[w]e recognize injustice might sometimes result because the Legislature has not granted the . . . [Appeals Board] power to rehear on grounds of newly discovered evidence . . . the remedy . . . is a matter for legislative consideration and action." *Johnson v. Kostis Fruit Co.,* 1971, Me., 281 A.2d 318, 320, n:2.

The entry will be

Appeal denied.

All Justices concurring.


WEATHERBEE, J., sat at argument and participated in consultation, but died prior to preparation of opinion.