Ivor CAYTON

v.

NATIONAL SEA PRODUCTS and/or
American Insurance Co.

Supreme Judicial Court of Maine.

June 9, 1977.

John L. Knight, Rockland, Grossman, Faber & Miller, P. A. by Barry M. Faber, Rockland, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by Robert Noonan, Ronald D. Russell, Portland, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

The Industrial Accident Commission awarded appellant compensation for a period of three months less one day. The Superior Court entered a pro forma judgment affirming the decree of the commission. This seasonably filed appeal followed.

We vacate the pro forma decree of the Superior Court and remand to the Industrial Accident Commission.

Appellant was injured on January 27, 1975, during the course of her employment. After consulting several physicians, appellant was referred to Dr. Dela Cruz on May 23, 1975. Dr. Dela Cruz diagnosed appellant's ailments as a ruptured intervertebral disc. The necessary surgical procedure was performed. Dr. Dela Cruz testified that he believed the appellant would be able to return to work on August 1, subject to the limitation that she not lift any objects weighing in excess of thirty pounds. Appellant returned to work on September 2, 1975. In total, the appellant did not work for a period of seven months less one day.

The commission found that appellant's injury was work-related and compensable. In its decree, the commission ordered compensation

"for a period of three months from the date of January 27, 1975 with the exception of one day she worked as this was said to be by Dr. Dela Cruz a reasonable time for her to recover and be ready to return to her regular employment. The doctor said she was totally disabled for a period of two months and in the opinion of this Commission the third month was not long enough to seek any other type of

*employment and as a practical matter with a common sense judgment not to work during that month to be able to be restored to her full capacity after her operation by Dr. Dela Cruz which was eminently successful.*"

The paradox created by this decree is obvious.

Appellant, as the commission found, incurred a compensable injury on January 27, 1975. The compensation award was for "*a period of three months from the date of January 27, 1975 with the exception of one day . . . .*" Simple calculation indicates that the commission's decree provides for compensation only until the latter part of April 1975. This was approximately one month before appellant's surgery and does not account for the recovery time that the commission found necessary based on Dr. Dela Cruz' testimony.

The appellant urges two arguments upon us. She asks that we reconsider our opinion in *Lynch v. Jutras,* 136 Me. 18, 1 A.2d 221 (1938), which held that the Industrial Accident Commission is without power to modify its finding because of error. Secondly, appellant asserts that the record compels the conclusion that she was disabled for a period of seven months less one day.

The appellee urges that we read into the commission's decree the phrase "*as a result of.*" As so modified, the decree would read that the appellant is to receive compensation for a three-month period "*as a result of*" the injury of January 27, 1975. Appellee urges this interpretation because it asserts that the evidence in the record would only support a finding of incapacity for three months less one day following the surgery and not for the total seven-month period.

To resolve the contested issue a finding of fact is necessary. Appellee would have us make a finding of fact that the appellant was incapacitated only for a period of three months less one day.

This we cannot do.

"*[T]he proper function of this Court in an 'appeal' situation: this Court is to decide only questions of law.*"

*Kidder v. Coastal Construction Co.,* Me., 309 A.2d 119, 122 (1973).

■ The commission's decree is critically deficient.

The commission accepted Dr. Dela Cruz' testimony that a two-month recovery period was necessary and appropriate. In addition, the commission found as a fact that an additional month's compensation was reasonable and necessary for complete recovery.

These findings of fact speak only to the period subsequent to the surgical procedure performed in May 1975.

The commission had made no factual finding as to the appellant's incapacity or lack thereof during the period immediately after receiving the injury and the date of the surgery. This determination is genuinely one of fact. We cannot supply this missing factual determination.

The error in the commission's decree is obvious. The commission, relying on Dr. Dela Cruz' testimony, found appellant incapacitated and awarded compensation for three months less one day beginning on January 27, 1975. Thus, the compensation would terminate in April 1975.

The period to which Dr. Dela Cruz' testimony refers is *after* the May 1975 operation.

Accordingly, this case must be remanded for the necessary factual determination by the commission.

Appellant has requested that we reconsider our opinion in *Lynch v. Jutras, supra.*

■ The Industrial Accident Commission is an administrative tribunal created by the legislature. As such, its jurisdiction, power, and authority are limited by the statutory grants of jurisdiction, power, and authority that the legislature has deemed proper and appropriate. *Johnson v. Kostis Fruit Co.,* Me., 281 A.2d 318, 320 (1971); *see Clark v. State Employees Appeals Board,* Me., 363 A.2d 735, 737–39 (1976).

As a statutorily created body, the Industrial Accident Commission's authority is limited to that granted by the legislature.

On a prior occasion we suggested that the legislature consider amending the statute. *Johnson v. Kostis Fruit Co., supra* at 320, n. 2. To date, the legislature has not acted upon this suggestion. We can do no more.

Accordingly, the entry must be:

The pro forma decree of the Superior Court is vacated. The case is remanded to the Industrial Accident Commission for further proceedings in accordance with this opinion.

It is further ordered that appellee pay to appellant $550 for her counsel fees plus her actual reasonable out-of-pocket expenses of this appeal.

All Justices concurring.