**Albert U. MORTIMER**

v.

**HARRY C. CROOKER & SONS, INC. and United States Fidelity & Guaranty Company.**

Supreme Judicial Court of Maine.

July 27, 1979.

McTeague, Higbee & Tierney by Patrick N. McTeague (orally), Maurice A. Libner, Brunswick, for plaintiff.

Robinson & Kriger by Sarah M. Allison Thornton (orally), James S. Kriger, Portland, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

On August 7, 1975, Albert U. Mortimer and Harry C. Crooker & Sons, Inc. (Crooker) executed an agreement for the payment of compensation to Mortimer on account of a "right acromio-clavicular joint strain and contusion to right shoulder" sustained by him when he lost control of a truck that he was driving while employed by Crooker on July 8, 1975. On January 3, 1977, Mortimer filed a "Petition for Award of Compensation" for the following additional injuries arising out of the same occurrence: "traumatic neurosis and other nervous and psychiatric disability, and other related injuries." In a Petition for Further Compensation filed on February 7, 1977, the employee asserted the same additional injury.

The Workers Compensation Commission (WCC) dismissed both petitions.[1]

---

1. The WCC dismissed the Petition for Award of Compensation on the basis of the failure of the employee to give adequate notice to the employer "within thirty days of the original accident." In view of our holding with respect to the WCC's dismissal of the Petition for Further Compensation, the ruling ordering dismissal of the Petition for Award of Compensation will not be disturbed. The remaining petition is adequate to bring the petitioner's claim before the WCC. We nevertheless point out that notice to the employer is timely if made within thirty days of the time the injury or disability became apparent to the employee. *Ross v. Oxford Paper Company,* Me., 363 A.2d 712, 716 (1976). A period of time in which the employee is operating under a mistake of fact with respect to the nature of his infirmity is not to

In dismissing the Petition for Further Compensation, the WCC declared:

> The outstanding Agreement in this case refers only to a right acromio-clavicular joint strain and contusion of the right shoulder resulting from the July 8, 1975 accident.
>
> The parties clearly did not contemplate psychiatric illnesses or injuries of the type alleged by the petitioner now when the Agreement referred to was executed on August 7, 1975.
>
> As such Agreements merely ratify the parties' mutual agreement as to the facts known at the time of the Agreement (*Dufault vs. Midland-Ross of Canada, Ltd.* [380 A.2d 200, 205 (Me.1977)]) and this Commission may not now award compensation for further injury not referred to in that Agreement.

Having obtained a pro forma decree affirming the dismissals of the two petitions, the employee appealed. We sustain the appeal of the dismissal of the Petition for Further Compensation, but we deny the appeal from the dismissal of Petition for Award of Compensation for reasons articulated in footnote 1.

## FACTS

In 1971 Mortimer was involved in a collision that caused him to be disabled for approximately one year. The accident arose out of and in the course of his employment as a long-haul truck driver for Paul Merrill, to whom Mortimer leased his truck. Killed in the mishap was the driver of a passenger vehicle, which was traveling approximately one hundred miles per hour when it collided with the rear of the semi-trailer driven by the appellant. In December 1971 Dr. Alan Elkins, Chief of Psychiatry at the Maine Medical Center, diagnosed symptoms of the appellant as "traumatic neurosis," a "psychiatric disturbance . . related to the accident and the tragic occurrence of the death of the driver of the other car."

The appellant subsequently returned to work for Merrill and felt secure in his ability to perform his job but left when he became disenchanted with the financial problems of owning his own equipment. Mortimer then obtained a job with Crooker as the driver of a twelve-yard dump truck and held that job for two years before involved in the 1975 accident that, according to appellant, gave rise to his present mental disorders. In that accident the employee suffered a blow to the head, causing him to lose consciousness for a period of time, as well as the shoulder injury described in the 1975 compensation agreement.

Because he has severe headaches and dizzy spells, blacks out and becomes extremely nervous when near trucks, the appellant has not returned to work in the four years since his last accident. He has acquired no skills other than that as a truck driver. Appellant was born September 28, 1914 and has acquired only a sixth grade education. Upon the termination of his compensation benefits for his shoulder injury, he was without a source of income and found it necessary to apply for social security disability payments. Incident to his application for those benefits the appellant was examined on May 28, 1976 by Dr. Ulrich Jacobsohn, a psychiatrist, who concluded that appellant suffered "traumatic neurosis with depression and anxiety state" triggered by the 1975 truck accident. At the time of examination, however, the appellant rejected psychological factors as the basis for his problems.

## ISSUES COGNIZABLE WITHIN PETITION FOR FURTHER COMPENSATION

■ The WCC relied upon *Dufault v. Midland-Ross of Canada, Ltd.,* Me., 380 A.2d 200, 205 (1977), in dismissing the employee's Petition for Further Compensation. Its reliance thereon represents a misapplication of the holding in *Dufault.*[2] Not addressed

be included within the thirty-day period. 39 M.R.S.A. § 64.

2. The issue presented in *Dufault* was whether in a Petition for Review of Incapacity the em-

within *Dufault* was the question of what issues are cognizable in an employee's Petition for Further Compensation.

We are presented in the instant case with the question of whether an employee may petition for further compensation on the basis of an injury not described within an approved agreement for compensation because then unknown but which ultimately arose out of the same occurrence. Addressing that same issue, we stated in *Devoe's Case*, 131 Me. 452, 163 A. 789 (1933):

> The intent of this statutory provision [3] is to permit the making by the parties of a settlement discontinuing compensation, or the entry of a decree to the same effect without thereby foreclosing the right of the employee to recover further compensation if he suffers a recurrence of trouble due to the injury, *or if it is discovered that compensatory injury exists, which, at the time the final decree was entered, was unknown to the parties and therefore not considered by the Commission.* . . . Such purpose is in accord with the liberal aim of the statute, which seeks on the broadest principles to provide a just recompense for those injured in industrial accidents.

131 Me. 454–55, 163 A. 790 (emphasis supplied).

In *Devoe's Case* the parties, on October 22, 1929, had executed an agreement for compensation which described the September 25, 1929 injury as a fractured rib. On November 19, 1930 the employer presented a petition for review of the employee's inca-

pacity, and the Commission found the employee's incapacity resulting from the described injury to have ended as of September 6, 1930, and "decreed that compensation payments shall cease as of said date." 131 Me. at 453, 163 A. at 789. On May 10, 1932 the employee filed a petition for further compensation in which he asserted injuries to his internal organs arising out of the accident of September 25, 1929. This court held the petition to be proper and not foreclosed by the earlier agreement and termination of compensation for the injury described therein. 131 Me. 452, 163 A. 789.

The rule of *Devoe's Case* has also been applied when another Petition for Further Compensation intervenes between the agreement for compensation and a Petition for Further Compensation that lists additional injuries not previously listed in the agreement or petition nor considered by the Commission. In *Lynch v. Jutras*, 136 Me. 18, 21–22, 1 A.2d 221, 223 (1938), the rule [4] was declared to be:

> [W]here an employee is in fact injured in some way other than that known to him and is awarded compensation simply for the known injury, a decree for such will not conclude him in a later petition for further compensation on account of a previously unknown compensatory injury . . . . Only that decided as to the known injury [is] *res adjudicata.*

In dismissing [5] the employee's Petition for Further Compensation in the instant case the WCC failed to consider the long-es-

---

ployer, using facts that became known *before* the WCC's approval of the agreement but *after* the parties' execution of the agreement, could contest the employee's continuing work related disability. In dicta it was pointed out that the issues to be addressed in a Petition for Review of Incapacity are whether a *change in the disability* or a *change in the cause of the employee's disability* has occurred subsequent to the execution of the agreement. 380 A.2d 203.

3. R.S.1930, ch. 55, § 37. This statute contained substantially the same provision concerning petitions for further compensation as does the statute under which the instant petition was filed, namely, 39 M.R.S.A. § 100 (Supp.1978).

4. An annotation of cases discussing modification of compensation awards is provided in 165 A.L.R. 1–536.

5. Having dismissed the employee's petition, the WCC has made no findings of fact relative to the merits of the employee's claim. On remand the WCC must determine (1) whether the employee currently suffers a psychological infirmity, (2) whether the disorder arose out of the 1975 collision in which appellant was injured, and (3) whether the employee is currently incapacitated on account of this infirmity. It is assumed, however, that the WCC will determine that the petitioner has proved that the alleged psychiatric disabilities were not known to him at the time the August 7, 1975, agreement for payment of compensation was executed.

tablished rule of *Devoe's Case* and its own mandate to construe the compensation act liberally. *See generally* 39 M.R.S.A. § 92.

The entries are:

Appeal denied as to Petition for Award of Compensation.

Appeal sustained as to Petition for Further Compensation.

Pro forma decree of the Superior Court affirming the dismissal of the Petition for Further Compensation vacated.

Case remanded to the Superior Court for remand to the Workers Compensation Commission for further proceedings consistent with this opinion.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

McKUSICK, C. J., and DELAHANTY, J., did not sit.